IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**ROCKY M. THOMAS,**

   **Petitioner,**

**vs.**                                                    **Case No. 4:12cv126-MP/WCS**

**KENNETH TUCKER,**

   **Respondent.**

_____/


## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

Petitioner Winters, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Doc. 1.  He challenges the judgment imposed by the Second Judicial Circuit Court, Wakulla County, on October 4, 2000.  Doc. 1, p. 1. Petitioner entered a guilty plea, and did not appeal.  *Id.*, pp. 1-2.

The petition should be summarily dismissed as it is untimely on its face.  § 2254 Rule 4 (authorizing dismissal "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

There is a one year limitations period for filing a § 2254 petition.  28 U.S.C. § 2244(d)(1).  The period generally runs from "the date on which the judgment became

final by the conclusion of direct review or the expiration of the time for seeking such review."  § 2244(d)(1)(A).  Later dates which may commence the period are the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the right asserted was recognized by the Supreme Court and made retroactive on collateral review; and the date on which the factual predicate could have been discovered with due diligence.  § 2244(d)(1)(B)-(D).

In this case the later dates do not seem to apply, and the one year commenced from the date the judgment was final under § 2244(d)(1)(A).  As Petitioner did not appeal, his conviction became final on or about November 3, 2000, when the time for filing a direct appeal expired.  *See* Fla.R.App.P. 9.140(b)(3) (allowing 30 days from rendition of a written order imposing sentence).  Petitioner therefore had until Monday, November 5, 2001 (as November 3, 2001, was a Saturday), to file a § 2254 petition, unless the time was tolled during the one year period.  The period is tolled for the time during which a "properly filed" application for relief is pending in state court.  § 2244(d)(2).[1]

Petitioner indicates he filed a motion in state court on February 23, 2011, which was denied with prejudice and sanctions suggested on April 21, 2011.  *Id.*, p. 2.  The appeal was dismissed on June 30, 2011.  *Id.*  The motion was filed over nine years after the time expired for filing a § 2254 petition, and could not toll the limitations period which expired long ago. *See, e.g.,* Tinker v. Moore, 255 F.3d 1331, 1335, n. 4 (11th Cir. 2001),

---

[1] The time may also be equitably tolled in rare cases, and "only if a petitioner establishes *both* extraordinary circumstances and due diligence."  Diaz v. Secretary for Dept. of Corrections, 362 F.3d 698, 702 (11th Cir. 2004) (citation omitted, emphasis in original).

*cert. denied*, 534 U.S. 1144 (2002) ("[w]e remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period.").  The § 2254 petition filed March 14, 2012 (the date of delivery to prison officials for mailing) is untimely and should be summarily dismissed.

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2254 Rule 11(b).

Petitioner cannot make a substantial showing of the denial of a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).[2]  I therefore recommend that the court deny a certificate of appealability in its final order. Leave to appeal in forma pauperis should also be denied, as an appeal would not be taken in good faith.  *See* Fed.R.App.P. 24(a)(3)(A) (before or after a notice of appeal is filed, the court may certify the appeal is not in good faith or the party is not otherwise entitled to appeal in forma pauperis).

---

[2] As dismissal of the petition is recommended solely on the procedural basis of timeliness, Petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  529 U.S. at 484, 120 S.Ct. at 1604 (emphasis added)..

The second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Petitioner shall make any argument as to whether a certificate should issue by filing objections to this report and recommendation.

It is therefore respectfully **RECOMMENDED** that the § 2254 petition for writ of habeas corpus filed by Rocky Thomas, challenging the judgment entered October 4, 2000, by the Second Judicial Circuit, in and for Wakulla County, Florida, be **SUMMARILY DISMISSED AS UNTIMELY**, that a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on March 29, 2012.


**s/    William C. Sherrill, Jr.**
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**