IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ROCKY M THOMAS,

    Petitioner,

v.                                               CASE NO. 4:12-cv-00126-MP-CAS

KENNETH TUCKER,

    Respondent.

_____/

**O R D E R**

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated March 29, 2012. (Doc. 5). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). The plaintiff filed objections, Doc. 7, and the Court has made a de novo determination of those portions of the Report and Recommendation to which objection was made. 28 U.S.C. § 636(b)(1)(C).

The petitioner filed his petition in 2012 despite the fact that the conviction he is challenging occurred in 2000. He admits that he filed no state challenges to his conviction until 2011. Doc. 1, p.2. The R&R thus recommends dismissal for untimeliness. In his objections, however, petitioner argues that his conviction is a manifest injustice and thus he should be excused from the one-year time limit. His two arguments why are without merit. First, he argues that the Information in his case (set out below) fails to charge him with a crime because

> "the body of the information fails to charge the Petitioner... Nowhere in the information's body does the State formally charge Petitioner Rocky M. Thomas, with committing those two robberies....A perusal of the information filed in this case against will clearly show that he was not charged as a matter of law with the

> crimes...all the information filed in this cause reveals is petitioner's name at the top of the information which is wholly insufficient to place him on adequate notice in order to prepare a defense for himself a blatant denial of the Due Process and Equal Protection Clauses of the fifth and fourteenth amendments to the Federal Constitution."

Doc. 7, p. 5-7. In other words, he is claiming that listing his name at the top of the Information, then stating "the above-named defendant(s):" and then immediately listing the charges somehow did not put the only "above-named defendant" (petitioner) on notice of the charges against him. Here is the Information in his case:

```
                                          IN THE CIRCUIT COURT OF THE
                                          SECOND JUDICIAL CIRCUIT, IN
                                          AND FOR LEON COUNTY, FLORIDA.

STATE OF FLORIDA                          CASE NO. 99-2848AF
                                          SPN 75856
vs.
                                          **INFORMATION**
Rocky M. Thomas
BL/M, 05/20/77
SSN 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
           Defendant(s).
_____/

INFORMATION FOR:

I:    ROBBERY (F2)
II:   ROBBERY (F2)
_____

IN THE NAME OF AND BY THE AUTHORITY OF THE STATE OF FLORIDA:

      WILLIAM N. MEGGS, State Attorney for the Second Judicial Circuit of the State of Florida,
charges that in Leon County, Florida, the above-named defendant(s):

COUNT I:  On July 12, 1999, did unlawfully take money from the person or custody of Amy Andrews
at AmSouth Bank, and in the course of the taking used force, violence, assault, or putting in fear,
contrary to Section 812.13(2)(c), Florida Statutes.

COUNT II: And on July 12, 1999, did unlawfully take money from the person or custody of Leigh
Ingram at AmSouth Bank, and in the course of the taking used force, violence, assault, or putting in
fear, contrary to Section 812.13(2)(c), Florida Statutes.

STATE OF FLORIDA
COUNTY OF LEON

WILLIAM N. MEGGS, STATE ATTORNEY
SECOND JUDICIAL CIRCUIT

[signature]
Neill G. Wade
Assistant State Attorney
```

Doc. 1, p. 14. A review of the Information quickly reveals that it properly charges Rocky M. Thomas with the two crimes listed in the body of the Information. This first argument is rejected

as meritless.

Petitioner's second claim is that the state court was unreasonable in not agreeing with his first argument. But, because the first argument was frivolous, rejecting it was not unreasonable. Thus, petitioner cannot show actual innocence or a manifest injustice to excuse the untimeliness of his petition. He has also not demonstrated diligence or any cause and prejudice to explain why he waited a decade before filing his claims.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. The petition is SUMMARILY DISMISSED AS UNTIMELY, a certificate of appealability is DENIED, and leave to appeal in forma pauperis is DENIED.

**DONE AND ORDERED** this _3rd_ day of October, 2012

　　　　　　　　　　　　　　　　　　　　*s/Maurice M. Paul*
　　　　　　　　　　　　　　　　　　　Maurice M. Paul, Senior District Judge